NO. 07-11-0042-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 2, 2011
_____

JOSEPH ANTHONY KENNEDY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 09-887-K26; HONORABLE BILLY RAY STUBBLEFIELD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Joseph Anthony Kennedy, was convicted by a jury of one count of continuous sexual abuse of a child[1] and two counts of indecency with a child by contact.[2] Appellant was sentenced to thirty-five years confinement for continuous sexual abuse of a child and to two years confinement for

---

[1]Tex. Penal Code Ann. § 21.02(b) (West Supp. 2010).

[2]Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2010).

each count of indecency with a child by contact. The sentences were ordered to run consecutively. Appellant timely perfected this appeal. The clerk's record filed on January 10, 2011, contains the *Trial Court's Certification of Defendant's Right of Appeal*. However, the certification is not signed by Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure.[3] Consequently, the certification is defective.[4] *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).

Therefore, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within sixty days of the date of this order. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for further action. *See* Tex. R. App. P. 25.2(d).

---

[3]Effective September 1, 2007, Rule 25.2(d) was amended to require that a defendant sign the certification and receive a copy which contains certain admonishments not previously required.

[4]Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005). Cognizant that Rule 41.3 of the Texas Rules of Appellate Procedure requires precedent of the transferor court to be applied, the transferee court is not expected to follow the transferor court's local rules or otherwise supplant its own local procedures with those of the transferor court. *See* Tex. R. App. P. 41.3 Notes and Comments.

On February 1, 2011, the Official Court Reporter filed a request for an extension of time in which to file the reporter's record to March 21, 2011. While this appeal is abated, all appellate timetables are suspended. Consequently, the request for an extension is rendered moot. The reporter's record will be due thirty days following reinstatement of this appeal

It is so ordered.

Per Curiam

Do not publish.